IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CLINTON CHARLES BELL, #19250078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv53 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## ORDER OF DISMISSAL

This case was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation recommending that Movant's case should be denied and dismissed with prejudice because it is barred by the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Report (Dkt. #6), which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Movant filed objections (Dkt. #8). After conducting a *de novo* review of the objections raised by Movant to the Report, the Court concludes they are without merit.

In Movant's objections, he concedes his petition was untimely filed. However, he maintains his position that a recent United States Supreme Court case provides relief. *See Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). Relevant to Movant's objections, the Report notes:

> *Molina-Martinez,* which was decided on April 20, 2016, held that a defendant who is sentenced under an incorrect guideline range may rely on that fact to show a reasonable probability that the district court would have imposed a different sentence under the correct range. *Id*. at 1349;
>
> A prisoner has one year from the date on which the Supreme Court establishes a newly-recognized right and makes it retroactively applicable to cases on collateral review in which to file a § 2255 motion. 28 U.S.C. § 2255(f)(3); and

1

> The Supreme Court is the only entity that can make a newly-recognized right retroactive to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001).

(Dkt. #6). As noted in the Report, the Supreme Court did not state that its decision in *Molina-Martinez* was to be applied retroactively. Movant fails to show, nor has the Court found, instances in which *Molina-Martinez* applied retroactively on collateral review. Additionally, the Report notes that Movant's sentencing issue is not cognizable on collateral review. *United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir. 2016) (a court's technical application of the sentencing guidelines does not give rise to a constitutional issue). Accordingly, the Report appropriately shows that Movant's untimely § 2255 motion should be denied.

In sum, Movant filed his § 2255 motion more than two years beyond the AEDPA limitations deadline. Movant's reliance on *Molina-Martinez* to circumvent the AEDPA limitations is misplaced because that case cannot be applied retroactively to his § 2255 motion. For these reasons, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** Movant's motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 20th day of March, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE